# **SETTLEMENT AGREEMENT**

This Settlement Agreement (the "Agreement") is made and entered into this 11th day of March, 2008, by and between Miguel Herrera (hereinafter the "Plaintiff"), and, Cromex Construction Corporation, Equinox Development Corporation, and Joe Zivkovic (hereinafter "Defendants"), and in consideration of the mutual promises and covenants exchanged herein.

WITNESSETH:

WHEREAS, Plaintiff formerly was an employee of Cromex Construction Corporation, Equinox Development Corporation, and Joe Zivkovic;

WHEREAS, Plaintiff has filed a lawsuit against Cromex Construction Corporation, Equinox Development Corporation, and Joe Zivkovic in the United States District Court for the Northern District of Illinois, Eastern Division, and that action is pending as *Herrera v. Cromex Construction Corporation, et. al.,* Case No. 07-C-1792 (the "Court Case");

WHEREAS, Plaintiff's cause of action against Defendants in the Court Case involves wage and hour claims pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter the "FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (hereinafter collectively the "FLSA Claims"); and

WHEREAS, Plaintiff and Defendants have agreed to terms on which they desire to settle Plaintiff's FLSA Claim, as well as the FLSA Claims of class members of the certified class, against Defendants in the Court Case.

NOW, THEREFORE, in consideration of the mutual promises set forth herein and other good and valuable consideration, Plaintiff and Defendants HEREBY AGREE AND PROMISE AS FOLLOWS:

1. The parties agree to promptly submit this Settlement Agreement to the Court for its approval.

2. Plaintiff and Defendants agree that promptly after the execution of this Agreement by their respective counsel, the parties will file an Agreed Motion for Court-Approval of this Settlement Agreement. Should the Court decide not to grant the Agreed Motion for Court Approval of the Settlement Agreement, the parties agree to continue working together to resolve any concerns raised by the Court. The parties also agree that within thirty (30) days of the payment by Defendants of all the monies Defendants have agreed to pay under this Agreement, Plaintiffs will file a Stipulation to Dismiss with Prejudice in the Court Case pursuant to Rule 41(a)(1). The parties acknowledge and agree that the Court will retain jurisdiction over this matter until that time. The parties acknowledge and agree that this Agreement will become enforceable if it is approved by the Court pursuant to the procedures outlined above. The parties agree to execute any additional documents necessary to effectuate the intent of the parties expressed in this Agreement.

3. Upon the approval of this Agreement by the Court, and as described in paragraph 2, Defendants agree that they shall pay a total sum of $126,509.56, to be paid to the Plaintiff in four (4) equal monthly installments as follows:

    a) Within five (5) days of the Court's approval of this Settlement Agreement, Defendants shall pay Plaintiff the first monthly installment in the amount of $31,627.39;

    b) Within thirty (30) days of after the payment described in paragraph 3(a), Defendants shall pay Plaintiff the second monthly installment in the amount of $31,627.39;

    c)    Within thirty (30) days of after the payment described in paragraph 3(b), Defendants shall pay Plaintiff the third monthly installment in the amount of $31,627.39; and

    d)    Within thirty (30) days of after the payment described in paragraph 3(c), Defendants shall pay Plaintiff the fourth monthly installment in the amount of $31,627.39.

4.    The Plaintiff's attorneys shall disburse the payments in the following order:

    a)    the Plaintiff's attorneys shall be paid an initial payment of half of the total amount of attorneys' fees ($39,192.56) and costs ($499.81) owed them for an initial payment of $19,596.28;

    b)    the Plaintiff shall be paid his total damages as set forth in the attached Exhibit A;

    c)    the eleven (11) individuals who signed and filed Consents to Become Party Plaintiffs shall be paid their total damages as set forth in the attached Exhibit A;

    d)    the remaining class members shall be paid their total damages as set forth in the attached Exhibit A;

    e)    the Plaintiff's attorneys shall be paid a final payment of the remaining attorneys' fees and costs owed them for a final payment of $19,596.28.

5.    The parties agree that all monies unclaimed by any class member will be returned to the Defendants, less any administrative costs and interim attorneys' fees incurred by the Plaintiff's attorneys in carrying out this Settlement Agreement.

6. The existence, execution or terms of this Agreement does not constitute, shall not be considered or construed as, and shall not be admissible in any proceeding as, an admission by Defendants, or by their parents, subsidiaries, affiliates, or any of their past or present agents or employees, that any action Defendants or their agents or employees took with respect to Plaintiffs was in violation of the FLSA or any applicable state statute regulating employee wages and hours. By entering into this Agreement, Defendants have not admitted in any way, but, in fact, have expressly denied and continue to deny, that they in any way violated the FLSA or any applicable state statute regulating employee wages and hours in connection with Plaintiffs' employment at or contracting relationship with Defendants, including the FLSA Claims alleged in the Court Case. The parties agree that this Agreement is entered into solely for the purpose of compromise and in an effort to fully resolve all disputes between Plaintiffs, class members, and Defendants with respect to the FLSA Claims.

7. In exchange and in consideration for the promises, obligations, and agreements of Defendants herein, which Plaintiff agrees and acknowledges is adequate and sufficient, the Plaintiff agrees to sign a General Release (the "Release"), in the form attached hereto as Exhibit B, with Defendants. The Plaintiff agrees to be bound by the terms, conditions, promises, representations and agreements contained in this Agreement.

8. To receive any settlement monies under this Settlement Agreement, the class members must sign a General Release in the form attached hereto as Exhibit C.

9. Plaintiff agrees to keep the terms of this Agreement confidential and to disclose them only to their spouses, accountants, tax preparers, and attorneys as necessary. If Plaintiff or any of his agents receives a subpoena that he believes may require disclosure of this Agreement, he shall, as soon as reasonably possible, provide written notice of the subpoena to Defendants

and shall enclose a copy of the subpoena with said notice by delivery to: Michael P. Cohen, attorney for Defendants, 435 W. Erie Street, Suite 802, Chicago, Illinois 60610. Plaintiff and his counsel further agree that he will respond to any inquiries regarding this matter by stating only that: "The matter has been resolved to the satisfaction of the parties and that is all that I can say about the matter," or words to that effect.

9. This Agreement shall be binding upon and inure to the benefit of Plaintiff, Defendants, and their respective representatives, predecessors, heirs, successors, and assigns.

10. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Illinois.

11. This instrument and the instrument(s) incorporated by reference herein constitute and contain the entire agreement and understanding between Plaintiff and Defendants concerning the subject matter of this Agreement, and supersede all prior negotiations, proposed agreements, and understandings, if any, between the parties.

12. This Agreement may not be modified except by a writing signed by the Plaintiff and an authorized representative of Defendants.

13. If any portion of this Agreement is void or deemed unenforceable for any reason, the unenforceable portion shall be deemed severed from the remaining portions of this Agreement, which shall otherwise remain in full force.

FOR Plaintiffs                                         FOR Defendants

_____                              _____
Marty Denis                                            Michael P. Cohen

5

Bethany A. Hilbert
Barlow, Kobata & Denis
525 W Monroe Street, Suite 2360
Chicago, Illinois 60661
(312) 648-5570

Attorney for Plaintiffs

435 W. Erie Street, Suite 802
Chicago, Illinois 60610
(312) 337-8210

Attorney for Defendants
Cromex Construction Corporation,
Equinox Development Corporation, and
Joe Zivkovic

Date: March 11th, 2008

Date: February ___, 2008

and shall enclose a copy of the subpoena with said notice by delivery to: Michael P. Cohen, attorney for Defendants, 435 W. Erie Street, Suite 802, Chicago, Illinois 60610. Plaintiff and his counsel further agree that he will respond to any inquiries regarding this matter by stating only that: "The matter has been resolved to the satisfaction of the parties and that is all that I can say about the matter," or words to that effect.

9. This Agreement shall be binding upon and inure to the benefit of Plaintiff, Defendants, and their respective representatives, predecessors, heirs, successors, and assigns.

10. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Illinois.

11. This instrument and the instrument(s) incorporated by reference herein constitute and contain the entire agreement and understanding between Plaintiff and Defendants concerning the subject matter of this Agreement, and supersede all prior negotiations, proposed agreements, and understandings, if any, between the parties.

12. This Agreement may not be modified except by a writing signed by the Plaintiff and an authorized representative of Defendants.

13. If any portion of this Agreement is void or deemed unenforceable for any reason, the unenforceable portion shall be deemed severed from the remaining portions of this Agreement, which shall otherwise remain in full force.

FOR Plaintiffs

_____
Marty Denis

FOR Defendants

_____
Michael P. Cohen

5

Bethany A. Hilbert
Barlow, Kobata & Denis
525 W Monroe Street, Suite 2360
Chicago, Illinois 60661
(312) 648-5570

Attorney for Plaintiffs

435 W. Erie Street, Suite 802
Chicago, Illinois 60610
(312) 337-8210

Attorney for Defendants
Cromex Construction Corporation,
Equinox Development Corporation, and
Joe Zivkovic

Date: February ____, 2008

Date: February __, 2008

**EXHIBIT A**
**LIST OF CLASS MEMBERS AND PAYMENTS OWED TO EACH OF THEM**

1. <u>Adrian Meza</u>

   Total payment: $266.00

2. <u>Alfredo Herrera</u>

   Total payment: $ 1,368.00

3. <u>Anastasia Mitas</u>

   Total payment: $ 88.00

4. <u>Antonio Carrizales</u>

   Total payment: $ 836.00

5. <u>Antonio Tellez</u>

   Total payment: $ 216.00

6. <u>Carlos Omar Lopez</u>

   Total payment: $ 1,717.00

7. <u>Cesar Bejarano</u>

   Total payment: $ 4,991.00

8. <u>Edgar Marquez</u>

   Total payment: $ 2,064.00

9. <u>Eduardo Marquez</u>

   Total payment: $ 575.00

10. <u>Fabian Morelos</u>

    Total payment: $ 6,675.00

11. <u>Felipe Marquez</u>

    Total payment: $ 6,301.00

**EXHIBIT A**
**LIST OF CLASS MEMBERS AND PAYMENTS OWED TO EACH OF THEM**

12. Fidel Barranco

    Total payment: $ 192.00

13. Gerard Pancerd

    Total payment: $ 2528.00

14. Gerardo Poncedeleon

    Total payment: $ 20.00

15. Grzegorz Banach

    Total payment: $ 13.00

16. Jesus Hernandez

    Total payment: $ 3,999.00

17. Joel Cardenas

    Total payment: $ 1,480.00

18. Joel Vazquez

    Total payment: $ 350.00

19. Jorge F. Diaz

    Total payment: $ 2,760.00

20. Jorge Marquez

    Total payment: $ 240.00

21. Jose Gamino

    Total payment: $ 3,451.00

22. Jose Miguel Bravo

    Total payment: $ 1,440.00

23. Juan Carlos Avalos

    Total payment: $ 1,950.00

2

**EXHIBIT A**
**LIST OF CLASS MEMBERS AND PAYMENTS OWED TO EACH OF THEM**

24. Juan Carlos Hernandez

    Total payment: $ 300.00

25. Juan Hernandez

    Total payment: $ 450.00

26. Ladislao Saines

    Total payment: $ 8,103.00

27. Luis Maldonado

    Total payment: $ 252.00

28. Manuel Galvez

    Total payment: $ 48.00

29. Marcial Lozano

    Total payment: $ 200.00

30. Marcin Gorecki

    Total payment: $ 1,216.00

31. Marco Cruz

    Total payment: $ 420.00

32. Miguel Herrera

    Total payment: $ 5,865.00

33. Nestor Pena

    Total payment: $ 648.00

34. Noe Gamez

    Total payment: $ 302.00

**EXHIBIT A**
**LIST OF CLASS MEMBERS AND PAYMENTS OWED TO EACH OF THEM**

35. <u>Oscar Pena</u>

    Total payment: $ 704.00

36. <u>Pablo Buenrostro</u>

    Total payment: $ 516.00

37. <u>Pedro Ortega</u>

    Total payment: $ 656.00

38. <u>Pedro Santoyo</u>

    Total payment: $ 136.00

39. <u>Piotr Lyczkowski</u>

    Total payment: $ 102.00

40. <u>Piotr Pyszniak</u>

    Total payment: $ 1,272.00

41. <u>Raul Rodriguez</u>

    Total payment: $25.00

42. <u>Reynaldo Barranco</u>

    Total payment: $ 5,394.00

43. <u>Ricardo Zuniga-Garcia</u>

    Total payment: $ 6,782.00

44. <u>Roberto Barranco</u>

    Total payment: $ 4,560.00

45. <u>Salvador Avalos</u>

    Total payment: $ 1,120.00

46. <u>Salvador Martinez</u>

    Total payment: $ 867.00

4

**EXHIBIT A**
**LIST OF CLASS MEMBERS AND PAYMENTS OWED TO EACH OF THEM**

47. <u>Santiago Vazquez</u>

    Total payment: $ 392.00

48. <u>Victor Hernandez</u>

    Total payment: $ 150.00

49. <u>Wilktor Pyszniak</u>

    Total payment: $ 585.00

50. <u>Witold Klich</u>

    Total payment: $ 1,848.00

51. <u>Zdravko Demirovic</u>

    Total payment: $ 170.00

52. <u>Zeljko Emirovic</u>

    Total payment: $ 714.00